UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMES AUCOIN | CIVIL ACTION NO. 6:12-cv-02959 |
| VERSUS | JUDGE HAIK |
| B & J, INC., B & J DOCK, LLC., AND LWCC | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is the motion for summary judgment, which was filed on behalf of defendant Louisiana Workers Compensation Corporation ("LWCC") (Rec. Doc. 69). The motion is opposed. For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

According to his complaint, James Aucoin was injured in a workplace accident on July 17, 2012. At that time, Mr. Aucoin was allegedly employed by B&J Dock, LLC and was working on a barge that was owned by B&J, Inc. According to B&J Dock, LLC, the barge was bareboat chartered to B&J Dock, LLC. The barge was located on Grand Lake in the waters of the state of Louisiana when the accident occurred. Mr. Aucoin alleges that the barge on which he was working "is a vessel within the definition of the maritime law," and he describes the accident as "a maritime accident."

Mr. Aucoin claims that, during pipe laying operations, a rented air tugger that was welded to the deck of the barge "peeled up" and hit him in the leg, necessitating reconstructive surgery to his knee. Mr. Aucoin asserted claims against B&J, Inc., B&J Dock, LLC, and LWCC. The claim against LWCC is premised on the contention that LWCC provided insurance coverage to both B&J, Inc. and B&J Dock, LLC and is, therefore, responsible to the plaintiff in that event that either B&J, Inc. or B&J Dock, LLC is found liable to the plaintiff.

## LAW AND ANALYSIS

In its motion for summary judgment, LWCC seeks to avoid liability to Mr. Aucoin on two separate bases. First, LWCC argues that it provided workers compensation and employer liability insurance coverage to B&J Dock, LLC at the time of Mr. Aucoin's accident but did not issue a policy that provided coverage to B&J, Inc. Second, LWCC argues that its insured, B&J Dock, LLC, was not the owner of the vessel involved in the accident, that any negligence on the part of B&J Dock, Inc. was in its capacity as Mr. Aucoin's employer, and that such claims are precluded by the exclusivity provision of the Longshore and Harbor Worker's Compensation Act (33 U.S.C. § 901 *et seq.*) (hereinafter "the LHWCA.")

## I. THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case.[1] A genuine issue of material fact exists if a reasonable factfinder could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

concerning an essential element of the nonmoving party's claim.[5] The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.[6]

## II. LWCC INSURED B&J DOCK, LLC BUT DID NOT INSURE B&J, INC.

LWCC seeks to have the claim asserted against it dismissed on the basis that the policy it issued provides no coverage for B&J, Inc. It is undisputed that LWCC issued its Policy No. 100862-D, covering the time period from June 19, 2012 to June 19, 2013, and providing workers' compensation and employers' liability insurance coverage to B&J Dock, LLC.[7] The declarations page of the policy lists a single insured – B&J Dock, LLC. The Court has not been directed to any policy provision that extends coverage to B&J, Inc. nor has the Court located any such provision in the policy. Similarly, no other insurance policy has been identified that requires LWCC to insure B&J, Inc.

Under Louisiana law, it is well-settled that the insured bears the burden of proving the existence of the policy and coverage while the insurer bears the burden

---

[5] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[6] *Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 197(5th Cir. 2005).

[7] Rec. Doc. 69-1.

of proving the applicability of policy exclusions.[8]  Here, the evidence that was presented proves that LWCC insures B&J Dock, LLC, but no evidence was presented suggesting that LWCC insures B&J, Inc.  Accordingly, B&J, Inc., the alleged insured, has not met its burden of proving the existence of an insurance policy.

Accordingly, the Court finds that Policy No. 100862-D, which was issued by LWCC, provides coverage to B&J Dock, LLC but does not provide coverage to B&J, Inc.  Therefore, to the extent that LWCC seeks dismissal of the claim against it that was asserted by the plaintiff and predicated upon B&J, Inc. being found liable to the plaintiff, LWCC's motion for summary judgment will be granted.

### III. GENUINE FACTUAL ISSUES PRECLUDE A FINDING THAT LWCC PROVIDES NO COVERAGE FOR MR. AUCOIN'S CLAIMS AGAINST B&J DOCK, LLC

LWCC argues that it is entitled to summary judgment in its favor because the exclusivity provision of the LHWCA prevents its insured, B&J Dock, LLC, from being held liable to the plaintiff.  This same argument was presented by B&J Dock, LLC in support its own motion for summary judgment.  (Rec. Doc. 67).  A separate ruling has been issued on that motion, (Rec. Doc. 90) and for the same reasons set forth therein, the Court finds that genuine issues of material fact exist with regard to the applicability of the LHWCA's exclusivity provision to the claims asserted by Mr.

---

[8]  *Tunstall v. Stierwald,* 2001-1765 (La. 02/26/02), 809 So.2d 916, 921; *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 362 (5th Cir. 2010).

Aucoin against B&J Dock, LLC. Therefore, to the extent that LWCC seeks dismissal of the claim against it that was asserted by the plaintiff and predicated upon B&J Dock, LLC. being found liable to the plaintiff, LWCC's motion for summary judgment will be denied.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that LWCC's motion for summary judgment (Rec. Doc. 69) is GRANTED IN PART and DENIED IN PART. More particularly,

IT IS ORDERED that, to the extent that LWCC seeks dismissal of the claim against it that was asserted by the plaintiff and predicated upon B&J, Inc. being found liable to the plaintiff, the motion is GRANTED; and

IT IS ORDERED that, to the extent that LWCC seeks dismissal of the claim against it that was asserted by the plaintiff and predicated upon B&J Dock, LLC being found liable to the plaintiff, the motion is DENIED.

Signed at Lafayette, Louisiana, this 23rd day of December 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE